**Opinion issued April 30, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-18-01004-CR**

**NO. 01-18-01009-CR**

_____

**MOSES ELI LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1562829 & 1562830**

---

## MEMORANDUM OPINION

Appellant Moses Eli Lopez was charged in separate indictments with two counts of continuous sexual abuse of a child. In a consolidated trial, a jury found appellant guilty on both counts and the court assessed his punishment in each case

at 99 years' incarceration to be served concurrently in the Texas Department of Criminal Justice. On appeal, appellant argues that the trial court abused its discretion in denying his motion to strike a prospective juror. We affirm the trial court's judgment.

## Background

Juror No. 45 made the following remarks during voir dire. Specifically, during the State's general voir dire, Juror No. 45 answered that she did not believe that children lie about having been sexually abused and she "disagreed strongly" with the statement, "Children are easily influenced to make up allegations of sexual abuse."

During trial counsel's general voir dire, counsel asked the venire members that if he or she believed beyond a reasonable doubt that appellant was guilty of one of the two acts required to be proven to convict him of continuous sexual abuse, it would be easier to believe that appellant was guilty of the second act, thereby lowering the State's burden of proof on the second act. Several jurors raised their hands, including Juror No. 45.

> THE JUROR: 45. I'm not very happy sitting here.
>
> TRIAL COUNSEL: Why do you think? [2 RR 95]
>
> THE JUROR: For a lot of reasons. I feel bad for your client. I'm sure it's something behind this but based on my personal issues that I've had to deal with I meet with men every Saturday that have

gone through this and if it's established that your client is one and the same I'm not going to be happy to be sitting on that jury.

TRIAL COUNSEL: So if I understand correctly you have a bias on that case based on the kind of work that you do?

THE JUROR: Yes. Yes, sir.

TRIAL COUNSEL: No. 45. Thank you for your honesty.

When the trial court asked trial counsel to identify the prospective jurors that he wanted to discuss during the bench conference, counsel stated: "10 and 1 and 20 and 51." The trial court struck Jurors No. 10, 20, and 51 without further discussion but did not specifically address Juror No. 1. When asked if he wanted to strike any other jurors besides Jurors No. 10, 13, 15 and 20, trial counsel replied, "I think 49." Counsel later moved to strike Juror No. 45 for cause.

TRIAL COUNSEL: The other one was 45. 45, talked --

THE COURT: 45 is --

TRIAL COUNSEL: We can talk to him about --

THE COURT: This was because of the kind of case that he would have to --

STATE: If I may Your Honor he very specifically said that if it is clearly established that the guy is the guy then he would have a bias. So he wasn't saying biased from the beginning but if he found him guilty he would have an issue, which is allowed.

THE COURT: He thought actually telling you but he was saying based on the kind of case, was it based on the kind of case because of the work he does. It's like we have a bias against sexual abusers. That's kind of what he's saying. That's -- actually he is not struck. He's not going to be granted.

3

TRIAL COUNSEL: He's someone --

THE COURT: So at the moment I've got 10, 13, 20, 49 and 51. Anybody else?

After the jury was seated, the trial court asked if either side objected to the composition of the jury. Trial counsel asked for an additional preemptory strike to replace the one he had to use due to the court's denial of his motion to strike for cause Juror No. 45. The trial court denied the request. Trial counsel then informed the court that if he had been granted his request for an additional preemptory strike, he would have exercised it on Juror No. 1.

## Issue 1

In his sole issue, appellant argues that the trial court abused its discretion in denying his motion to strike Juror No. 45 because the prospective juror "admitted he would be biased and he would not be a fair and impartial juror in this case."

## A.      Standard of Review and Applicable Law

A prospective juror is challengeable for cause if he or she has a bias or prejudice against the defendant or against the law upon which either the State or the defense is entitled to rely. TEX. CODE CRIM. PROC. art. 35.16(a)(9) & (c)(2); *Buntion v. State*, 482 S.W.3d 58, 83–84 (Tex. Crim. App. 2016). "Bias, by itself, is not sufficient for a challenge for cause." *Henson v. State*, 173 S.W.3d 92, 99 (Tex. App.—Tyler 2005, pet. ref'd). Rather, the test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and judicial

4

instructions in accordance with the law. *Buntion*, 482 S.W.3d at 84; *see also Wainwright v. Witt*, 469 U.S. 412, 424 (1985).

Before a prospective juror may be excused for cause on this basis, the law must be explained to him, and he must be asked whether he can follow that law, regardless of his personal views. *Buntion*, 482 S.W.3d at 84; *Davis*, 329 S.W.3d at 807. Thus, to establish that a challenge for cause is proper, the proponent of the challenge must show that the prospective juror understood the requirements of the law and could not overcome his prejudice well enough to follow the law. *Buntion*, 482 S.W.3d at 84; *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). When determining whether a trial court abused its discretion when it overruled a challenge for cause during voir dire, we examine the voir dire of the venire member as a whole and decide whether the record shows that his convictions would interfere with his ability to serve as a juror and uphold his oath. *Buntion*, 482 S.W.3d at 84; *Davis*, 329 S.W.3d at 807. A trial judge's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *See Davis*, 329 S.W.3d at 807.

We review a trial court's ruling on a challenge for cause with considerable deference because the trial court is in the best position to evaluate the venire member's demeanor and responses. *Id.* When a venire member's answers are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision. *Id.*; *see also Rachal v. State*, 917 S.W.2d 799, 810 (Tex. Crim. App.

5

1996) (explaining that "trial judge's superior point of view is particularly important and deserving of our deference" when potential juror's statements are unclear).

## B.     Analysis

Appellant argues that the trial court abused its discretion by denying his motion to strike Juror No. 45 because the prospective juror "admitted he would be biased and he would not be a fair and impartial juror in this case." Juror No. 45, however, did not directly express bias against appellant. *See* TEX. CODE CRIM. PROC. art. 35.16(a)(9) & (c)(2) (stating prospective juror is challengeable for cause if he is biased or prejudiced against defendant or against law upon which either State or defense is entitled to rely). Rather, the record reflects that Juror No. 45 expressed compassion for appellant and stated that he was "sure it's something behind this." He also did not express a bias or prejudice against any of the law applicable to the case upon which the defense was entitled to rely. He stated that he meets with men every Saturday who have "gone through this" and that "if [it was] established" that appellant was "one and the same," he was not going to be happy to be sitting on the jury. At most, Juror No. 45 admitted that he had a "bias against the nature of the case based on the kind of work that [he does]," i.e., continuous sexual assault of a child, and he indicated that he was not "happy" at the prospect of serving on a jury in such a case.

To the extent that Juror No. 45's remarks are ambiguous and could be interpreted as demonstrating a bias against appellant, the trial court understood the juror's remarks as indicating a bias towards the nature of the case, rather than a bias against appellant. We must accord particular deference to the trial court's decision to deny a challenge for cause under such circumstance. *See Davis*, 329 S.W.3d at 807 (stating appellate courts accord particular deference to trial court's decision when venire member's answers are vacillating, unclear, or contradictory).

As the party challenging Juror No. 45 for cause, appellant had the burden of proving by a preponderance of the evidence that Juror No. 45 was not only biased or prejudiced against him, but that he also lacked impartiality. *See Buntion*, 482 S.W.3d at 84 (stating venire member is challengeable for cause if bias or prejudice would substantially impair venire member's ability to carry out his oath and judicial instructions in accordance with law). Even if Juror No. 45's remarks expressed a bias against appellant, as appellant contends, trial counsel did not ask him whether he could overcome his bias well enough to follow the law, or ask for an opportunity to do so, as counsel had done with other venire members who indicated a bias or prejudice. Therefore, appellant did not meet his burden of proof because he did not establish that Juror No. 45 understood the requirements of the law and could not overcome his prejudice well enough to follow the law. *See id.*; *Davis*, 329 S.W.3d at 807.

Appellant argues that the trial court abused its discretion by failing to call Juror No. 45 to the bench to clarify his remarks. The record, however, reflects that appellant has not preserved this complaint for our review because he did not ask the trial court to call Juror No. 45 to the bench during conference or object to the trial court's alleged failure to allow him to do so. *See* TEX. R. APP. P. 33.1(a)(1).

Based on the record before us, given the considerable deference we must show to the trial court's decision, we cannot say that the trial judge's denial of appellant's motion to strike Juror No. 45 for cause constituted a clear abuse of discretion. *See Buntion*, 482 S.W.3d at 84; *Davis*, 329 S.W.3d at 807.

In his concluding paragraph, appellant further contends that the trial court abused its discretion by failing to allow him to argue his motion to strike Juror No. 45 for cause and failing to address appellant's request to "talk about" Juror No. 1 at the beginning of the bench conference. Appellant, however, did not object to the trial court's alleged failure to allow him to argue his motion to strike Juror No. 45 for cause or make a proffer or bill of exception regarding any argument his counsel wanted to make regarding his challenge for cause, and therefore, he has not preserved this issue for our review. TEX. R. APP. P. 33.2 ("To complain on appeal about a matter that would not otherwise appear in the record, a party must file a formal bill of exception."); *cf. Barnes v. State*, Nos. 04-98-00514-CR, 04-98-00515-CR, 1999 WL 623686, at *6 (Tex. App.—San Antonio Aug. 18, 1999, no pet.) (not

designated for publication) (holding that defendant did not preserve his complaint that trial court erred by not allowing his counsel to finish his objection because defendant did not object to trial court's conduct and did not make proffer or bill of exception regarding what else his counsel wanted to say). Similarly, appellant did not object to the trial court's failure to address appellant's request to "talk about" Juror No. 1 at the beginning of the bench conference, and therefore, he has not preserved his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *see also Credille v. State*, 925 S.W.2d 112, 115 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (holding that in order to preserve claim that trial court erred in overruling defendant's challenge against venire member, defendant must object before jury is sworn, pursue objection until he receives adverse ruling from trial court, and, if necessary, press trial court to make definite ruling on his objection).

We overrule appellant's sole issue.

### Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Lloyd and Kelly.
Do not publish. TEX. R. APP. P. 47.2(b).